IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY EYE, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 7:20-cv-00272 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| WARDEN J. C. STREEVAL, | ) Chief United States District Judge |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Gary Eye, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Relying on the savings clause of 28 U.S.C. § 2255(e), Eye sought to invalidate his 2008 convictions and sentences for various charges in the United States District Court for the Western District of Missouri, including multiple charges under 18 U.S.C. § 924(c). The respondent opposed the petition, and on August 5, 2021, the court dismissed the petition without prejudice for lack of jurisdiction. The matter is now before the court on Eye's motion for reconsideration under Federal Rule of Civil Procedure 59(e), ECF No. 28. For the reasons explained below, the court will **DENY** the motion.

Rule 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the United

States Court of Appeals for the Fourth Circuit has] previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Importantly, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted). The Rule provides "an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal quotation marks and citation omitted).

Applying these principles, the court concludes that Eye is not entitled to relief under Rule 59(e). Eye does not point to any change in controlling law or identify any clear error in the court's previous decision. Instead, he merely reasserts two of the same claims raised in his original petition: (1) that he is entitled to relief under the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019); and (2) that he is deserving of compassionate release based on the First Step Act's amendments to § 924(c). In its previous decision, the court concluded that it lacked jurisdiction over Eye's Rehaif claim and his request for compassionate release. See Mem. Op., ECF No. 26, at 7–10 & 12–13. While Eye may disagree with the court's rulings, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

In sum, the court finds no basis to alter or amend its previous decision dismissing Eye's petition without prejudice for lack of jurisdiction. Accordingly, the court will **DENY** Eye's motion for reconsideration under Rule 59(e).

2

An appropriate order will be entered.

Entered: December 8, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.12.08 16:38:05
-05'00'

Michael F. Urbanski
Chief United States District Judge

3